2 University Plaza, Suite 100
Hackensack, New Jersey 07601

147 74th Street
Brooklyn, New York 11209

www.luriestrupinsky.com

Joshua M. Lurie, Esq.
Eugene Strupinsky, Esq.

LURIE STRUPINSKY PC

Phone 201-831-1086
Fax 347-772-3074

Joshua M. Lurie, Esq.
Licensed in NY, NJ, VT

jmlurie@luriestrupinsky.com

January 10, 2018

**Via ECF**

Hon. Lisa M. Smith, U.S.M.J.
United States District Court
For the Southern District of New York
Hon. Charles L. Brieant, Jr. Federal Building & U.S. Courthouse
300 Quarropas Street, Courtroom 520
White Plains, New York 10601-4150

Re: Avatar Outsourcing, Inc., et al. v. Stewart, et al.
Civil Case No. 7:16-cv-09337-KMK-LMS

Dear Magistrate Judge Smith:

Unfortunately, I must write, again, to address what is evidently opposing counsel's lack of understanding of the obligations of discovery under the Federal Rules, this Court's Order, prior Court orders, and the procedural history of this case. As a result, the proceedings are further multiplied and the Court should take appropriate action and issue sanctions as previously warned.

Evident in the response to my prior letter which we received, well into the middle of the night, are excuses, incorrect statements, and inaccurate recitations of the law. I do not desire to respond to each so will only highlight a few key issues which are representative of the entire issue with the response.

First, with respect to the interrogatories, I suspect there is a lack of understanding of what is construed as "statements" as directed to produce in discovery. It is not my expert's responsibility to dig through – as it turns out – hundreds or thousands of conversations, emails, instant messages, etc., to find statements relevant to this case. That is Defendants' obligation. No reason for why this was not done since October 20 is provided. Rather, a blanket argument that discovery was sufficient. It is not.

Second, the Court Ordered that responses to interrogatories be provided by December 22, 2017. To wait until January 5, 2018 (when the inspection and imaging took place due to weather pushing it back a day) to even allow a glimpse of what may exist is improper. This was to be done before and not a *post hoc* exercise with a requirement that my expert do Defendants' discovery for him. Once again, no reason for why this was not done timely, or when the Court ordered it to be done without objection (and they did object and it is interesting that this is not addressed). Thus, we *still* do not have the statements, admissions, declarations against interest, etc.





Third, I believe that counsel is unaware of what spoliation and litigation holds require since he claims that it requires an affirmative demand to retain. No specific obligation exists that a litigant must to say to the other litigant, in advance of trial that preservation is required. A duty to preserve "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." Zubulake v. UBS Warburg LLC ("Zubulake IV"), 220 F.R.D. 212, 216 (S.D.N.Y.2 003) (quoting Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423, 436 (2d Cir.2001)). "Once the duty to preserve arises, a litigant is expected, at the very least, to 'suspend its routine document and retention/destruction policy and to put in place a litigation hold.' Zubulake IV, 220 F.R.D. at 218; *see also* Doe v. Norwalk Cmty Coll., 2007 U.S. Dist. LEXIS 51084, at *14, 2007 WL 2066496 (D. Conn. July 16, 2007) (a party needs to take affirmative acts to prevent its system from routinely destroying information)." Siani v. State Univeristy of New York at Farmingdale, 2010 WL 3170664 at *5 (E.D.N.Y. August 10, 2010).

Counsel does not say when the phone was replaced. However, relying upon documents *not included in the discovery production but clearly a declaration against interest*, Counsel *admits* that Mr. Stewart knew or should have known about upcoming litigation. Even more interesting is that he instituted his own unemployment action in November of 2015 which Counsel admits. Why was the phone not retained? What may be on it? These are questions that, in the very least, will require a negative inference be issued.

Fourth, the issue of the computers produced will be discussed at a later date. However, the Court should take notice that Mr. Stewart's computers that were produced (and to which Mr. Chen declared under penalty of perjury were Mr. Stewart's) appear to trace back to an Amazon order on my client, Mr. Kaltner's, Amazon account, Apple and the expert both see evidence of an attempt to wipe the systems (to be raised later) and therefore an inference exists that these are stolen computers which contain or contained sensitive, confidential business records and which Mr. Stewart is producing to his attorney improperly. Neither Mr. Stewart nor Mr. Chen should have these stolen documents and all copies should be returned to me or destroyed – notwithstanding whether the computers are stolen or not.

Fifth, counsel appears not to be familiar with Fed.R. 34(a)(1). The documents to which Mr. Stewart offered to provide releases to allow my client to obtain are within his care, custody and control. It matters not that he does not have them on his person. They are within his control.[1] He could have, at any time, sought them out – at least since October 20, 2017 – but did not do so. Rather, he waits until the very last minute (evident on either email produced) and then tells us to

[1] "Control is defined as the legal right, authority or ability to obtain documents upon demand. U.S. International Trade Commission v. ASAT, Inc., 411 F.3d 245, 254 (D.C. Cir. 2005). '[F]ederal courts broadly construe the term control for Rule 34 purposes.' McKesson Corporation v. Islamic Republic of Iran, 185 F.R.D. 70, 78 (D. D.C. 1999) (citing cases). '[D]ocuments are considered to be under a party's control when the party has the *right, authority, or practical ability to obtain the documents from a non-party to the action*.' See Bank of New York v. Meridien BIAO Bank Tansania Ltd., 171 F.R.D. 135, 146 (S.D.N.Y. 1997)." Guillory v. Skelly, 2014 WL 454246 (W.D.N.Y. September 11, 2014).





go get them. *This is not how discovery works!* This is especially true when there is a pattern of willful refusal to produce discovery, delay, or otherwise. In a best-case scenario for this argument, which is unsupportable, Mr. Stewart or Mr. Chen should have provided these releases in October and *not* after discovery was due!

Sixth, Mr. Chen has made himself a witness to a contested issue of fact by having consultations with a defendant in the case. I do not need to depose Mr. Kawasar due to reasons not relevant or before the court at this time. I intend to depose Mr. Chen – including if Mr. Stewart's answer is stricken and we proceed against these European individuals and entities. I anticipate that a subpoena *ad testificandum* and *duces tecum* will be issued shortly.

Finally, Mr. Chen should review the motion to dismiss and his late agreement to it. The motion dismissed *all* affirmative claims on his consent – including the claims to be awarded counsel fees. See ECF Doc Nos. 43 (endorsed pre-motion letter on motion to dismiss), 45 (motion to dismiss), 54 (letter re failure to respond to motion) 56 (Mr. Chen not opposing motion and agreeing that it be granted), and 57 (dismissing all counterclaims).

Respectfully, we are lost and frustrated. Every attempt to move the case forward is met with more delay, time wastes, and proverbial goose chases. Every violation of a court order or Rule is met with excuses and more delay. We have gotten nowhere in this case and solely due to the conduct of Mr. Stewart. Each violation, and excuse or improper argument by counsel, has unnecessarily, improperly unreasonably and vexatiously multiplied the proceedings. We have not stated previously the vexatious nature, but the repetition of the same issue evidences just this.

We request that the Court take appropriate action as soon as feasible.

Should the Court have any questions, I am at Your Honor's disposal.

Respectfully,

Joshua M. Lurie, Esq.

JML:me

cc: Jacob Y. Chen, Esq. (via ECF)