UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GEORGE KALTNER et al.,

                             Plaintiffs,

  - against -

DAVID STEWART et al.,

                             Defendants.
------------------------------------------------------------------------x

Civil Action No.:
7:16-cv-09337-KMK-LMS

## **MEMORANDUM IN OPPOSITION**

**Jacob Chen, Esq.**

**DAI & ASSOCIATES, P.C.**
**Attorneys for Mr. David Stewart**
**1500 Broadway, 22nd Floor**
**New York, New York 10036**
**Phone:    (212) 730-8880**
**Fax:      (212) 730-8869**
**www.daiassociates.com**

David Stewart ("Mr. Stewart"), by and through his attorneys Dai & Associates, P.C., hereby files this memorandum in opposition to the motion for leave to amend, as filed by Plaintiffs.

## LEGAL ARGUMENTS

### I. PLAINTIFFS' UNDUE DELAY PRECLUDES THEM FROM AMENDING THE COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a motion to amend may be denied in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962)

"Prejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend. Prejudice may be found, for example, when the amendment is sought after discovery has been closed.... Undue delay [and] bad faith ... are other reasons for denying a motion to amend." *Lyondell-Citgo Ref., LP v. Petroleos De Venezuela S.A.*, No. 02 CIV.0795 CBM AJP, 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004).

As stated in Mr. Lurie's declaration (Exhibit A), the imaging of Mr. Stewart's devices took place on January 5, 2018. (Exhibit A, ¶14). Which means since January 5, 2018, Plaintiffs have had in their possession the *entirety* of the contents on Mr. Stewart's laptop. Yet despite this, it was not until September of 2018 – 9 months later – that Plaintiffs made their instant motion seeking to amend the Complaint based on Mr. Stewart's possession of information on his laptop. Mr. Lurie in his declaration admits that he did not ask Mr. Michalski to attempt to access the

documents until August 24, 2018, (Exhibit A, ¶34), and that *Mr. Michalski did not attempt to access the documents until September 5, 2018*. (Exhibit A, ¶45). Mr. Michalski was able to give Mr. Lurie complete access *on the same date as the attempted access*. (Exhibit A, ¶45).

Lastly, Mr. Lurie's claim that he was waiting for a "court order" is simply not supported by the record. Mr. Lurie never asked for the Court's permission or for guidance with respect to the inspection of Mr. Stewart's laptop device. By his own admission, he only directed Mr. Michalski to "finalize the processing of the laptops" on August 24, 2018. (Exhibit A, ¶34). By Mr. Lurie's admission, he sought the Magistrate judge for alleged discovery sanctions, and his motion was denied. The denial of Mr. Lurie's seeking of sanctions did not then go on to give Mr. Lurie "permission" to finalize the processing of the laptop. [ECF Doc. No. 108].

Wherefore in light of the undue delay, and the prejudice that Mr. Stewart would face given that this amendment is being sought after close of discovery, Plaintiffs' motion should be denied on that basis alone.

## II. PLAINTIFFS' ALLEGATIONS OF VIOLATION OF THE CFAA ARE FUTILE BECAUSE THEY ARE OUTSIDE THE STATUTE OF LIMITATIONS

Count Sixteen of the Proposed Amended Complaint sets forth a cause of action against Mr. Stewart for an alleged violation of the Computer Fraud and Abuse Act ("CFAA").

The CFAA has a two-year statute of limitations. 18 USCA § 1030 (g).

In the Amended Complaint (Exhibit B), Plaintiffs alleged that Mr. Stewart posted "privileged and confidential, as well as trade secret, documents on Plaintiffs on both his own public page and on the Facebook pages of others," that these documents were "not publicly available," that Mr. Stewart "did not have authority to take, copy, or retain these documents," that these communications began "in mid-2015 through early 2016," and that it was only at that

2

time that Plaintiffs "themselves, and through their counsel, began an investigation into the conduct of Stewart to determine exactly what types of documents he had stolen and what information he had disclosed to others to which he was not legally entitled." (Exhibit B, ¶94-97). These allegations are repeated in the Proposed Second Amended Complaint (Exhibit C). (Exhibit C, ¶135). There is no allegation that Mr. Stewart took any action in 2017 or 2018.

As the alleged CFAA violation took place mid 2015 through early 2016, and as Plaintiffs were aware of this alleged CFAA violation, but did not allege any CFAA violations until September 2018, Plaintiffs are now barred by the statute of limitations with respect to asserting a cause of action under the CFAA. Therefore Plaintiffs' motion to amend to include this cause of action is futile.

### III. PLAINTIFFS' ALLEGATION OF VIOLATIONS OF THE DEFEND TRADE SECRETS ACT IS FUTILE BECAUSE THE STATUTE IS NOT RETROACTIVE

Count Seventeen of the Proposed Amended Complaint sets forth a cause of action against Mr. Stewart for an alleged violation of the Defend Trade Secrets Act of 2016 ("DTSA"). The DTSA was passed in May of 2016. The statute only applies "with respect to any misappropriation of a trade secret (as defined in section 1839 of title 18, United States Code, as amended by this section) for which any act occurs on or after the date of the enactment of this Act." 18 USCA § 1833 NOTE.

As discussed previously, Plaintiffs allege that Mr. Stewart violated the DTSA in mid-2015 through early 2016. (Exhibit C, ¶135). Thus, the Proposed Amended Complaint contains no allegations of any misappropriation *after* passage of the DTSA. Wherefore this cause of action is also accordingly futile. *See Adams Arms, LLC v Unified Weapon Sys., Inc.*, 8:16-CV-1503-T-33AEP, 2016 WL 5391394, at *6 (MD Fla Sept. 27, 2016). In the event that Plaintiffs allege that

3

any act occurring within the effective date would bring the entire misappropriation claim within the effective date, such an argument would "implicate the usual presumption against a statute being retroactive" *See Id*; *see also W.R. Huff Asset Mgmt. Co., LLC v. Kohlberg Kravis Roberts & Co., L.P.,* 234 F. Supp.2d 1218, 1222 (N.D. Ala. 2002).

### IV. PLAINTIFFS' ALLEGATION OF VIOLATION OF THE DTSA AND MISAPPROPRIATION OF TRADE SECRETS ARE FUTILE BECAUSE THEY ARE BARRED BY MR. STEWART'S WHISTLEBLOWER ACTIVITIES

Count Eighteen of the Proposed Amended Complaint sets forth a cause of action against Mr. Stewart for an alleged misappropriation of trade secrets in violation of New York common law. Both Counts 17 and 18 are futile because of Mr. Stewart's whistleblower activities.

18 U.S.C.A. § 1833(b)(1) explicitly states that "[a]n individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that-- (A) is made-- (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law."

As Plaintiffs acknowledged in 2015, Mr. Stewart through counsel brought an IRS whistleblower action against Plaintiffs. (Exhibit A, ¶37). The Proposed Amended Complaint does not allege that Mr. Stewart utilized the allegedly misappropriated financial data and customer lists for any purpose other than with respect to its use in the whistleblower action.

The DTSA not only provides Federal immunity for whistleblowers but also specifically extends that immunity to "State trade secret law." Wherefore, Plaintiffs' Eighteenth Cause of Action for misappropriation pursuant to state common law is also barred and Plaintiffs' motion to amend futile.

V.  **PLAINTIFFS' RICO CAUSE OF ACTION IS BARRED BECAUSE OF FAILURE TO ESTABLISH A PREDICATE ILLEGAL ACTION**

Count Nineteen of the Proposed Amended Complaint sets forth a cause of action against Mr. Stewart pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO).

To establish a RICO claim, a plaintiff must show: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 904 (2nd Cir. 1996) citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 767 (2nd Cir. 1994). The requirements of section 1962(c) must be established as to each individual defendant. *De Falco v. Bernas*, 244 F.3d 286, 306 (2nd Cir. 2001). Further, the business harm must be directly caused by one or more of the alleged RICO predicate acts. *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 23 (2nd Cir. 1990).

The RICO claim fails to state a claim for multiple reasons.

The first is the absence of an alleged violation of the law. The allegations of violation of the CFAA are outside the statute of limitations, the allegations of violation of the DTSA are not applicable retroactively, and furthermore no criminal penalties can attach because of Mr. Stewart's whistleblower action. Without a violation of the RICO statute, there is no cause of action for RICO.

The second is the absence of damages. *See infra*.

The last deals with the purpose. The purpose of the alleged conduct must be to cause harm since as "the purpose of RICO is not to redress collateral or tangential injuries." *Hoatson v. New York Archdiocese*, 2007 WL 431098 at *5 (S.D.N.Y. February 08, 2007). As Mr. Lurie acknowledges, Mr. Stewart filed a whistleblower action. The purpose of the information

gathering therefore was not for the *purpose* of causing Plaintiffs harm (if there was any harm caused). (Exhibit A, ¶37).

Wherefore Plaintiffs' cause of action of a RICO violation is also futile.

### VI.   ALL NEW CAUSES OF ACTION ARE FUTILE BECAUSE OF A FAILURE TO PLEAD WITH RESPECT TO DAMAGES.

Lastly, all new causes of action fail because of a failure to plead with respect to damages. The Proposed Second Amended Complaint alleges that as a result of an alleged theft of trade secrets, Plaintiffs suffered economic damages "well in excess of $1,000,000.00." But Plaintiffs do not actually plead the *nature* of damages suffered. There is no indication in Mr. Lurie's declaration (Exhibit A) as to how Plaintiffs were damaged by Mr. Stewart's alleged theft of trade secrets. Nor is there any indication in the Proposed Amended Complaint (Exhibit C).

With respect to the CFAA, Plaintiffs may either plead damage or loss. 18 USCA § 1030(g). Plaintiffs' use of the $5,000 figure suggests that its claim is not based on actual damages but based on financial loss. Loss, treated separate from damage under the CFAA, is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). The Proposed Amended Complaint is absent as to what loss Plaintiffs incurred. There is no allegation that the alleged CFAA violation resulted in any data, program, system, or information being lost, nor do Plaintiffs allege how it suffered any loss of revenue or consequential damages as a result of Mr. Stewart's alleged procuring of information and sharing of it with the IRS.

With respect to the DTSA and state common law causes of action, there is a similar failure to plead damages. For example, with respect to Count Seventeen, Plaintiffs make the following allegations with respect to damages:

> "386. Defendants have misappropriated the confidential information and trade secrets in the improper and unlawful manner as set forth herein and have refused and failed to return such information and have otherwise attempted to conceal their theft of such information.
>
> 387. Defendants misappropriation of Plaintiffs' trade secrets caused, and will continue to cause, substantial injury including, but not limited to, actual damages, lost profits, harm to their reputation, additional costs to protect, and diminution in value of the trade secrets.
>
> 388. Defendants' misappropriation of Plaintiffs' trade secrets was intentional, knowing, willful, malicious, fraudulent and oppressive.
>
> 389. As a result of Defendants' conduct, Plaintiffs have been harmed and damaged, and are entitled to damages as well as injunctive relief, counsel fees, punitive damages, and an equitable accounting of all of defendants' records to calculate the income derived from their misappropriation of Plaintiffs' trade secrets."

(Exhibit C, ¶386-389)

The Proposed Amended Complaint on its face does not discuss *how* or make any effort to *connect* the alleged misappropriation of trade secrets with any damages incurred by Plaintiffs. In fact, as several of the Plaintiffs are defunct companies, some of them are not even capable of incurring damages.

The same applies with respect to the RICO action where Plaintiffs allege in a conclusory fashion: "The conduct of the defendants, in conspiring together to steal trade secrets, have cost Plaintiffs economic damages well in excess of $1,000,000.00 and such damages were not only foreseeable by the Defendants, but an intent of the Defendants." Again, *it is never explained how*

Mr. Stewart's alleged actions caused Plaintiffs any economic damages, much less economic damages "in excess of $1,000,000.00."

The simple fact of the matter is, as laid out in Mr. Lurie's declaration, all that Plaintiffs know is that Mr. Stewart gathered some documents and information, and filed a whistleblower action with the IRS. Plaintiffs have no reasonable basis for their claim of alleged damages and because of a failure to plead damages, all of Plaintiffs' new causes of action are accordingly futile.

## CONCLUSION

Wherefore Plaintiffs' motion to amend should be denied.

Dated:     October 19, 2018
           New York, New York

                                        DAI & ASSOCIATES, P.C.

                                        /s/ Jacob Chen
                                        By: Jacob Chen, Esq.
                                        Attorneys for Plaintiff
                                        1500 Broadway, 22nd Floor
                                        New York, New York 10036
                                        (212) 730-8880