Joshua M. Lurie, Esq. (JL7272)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. (201) 518-9999
Fax. (347) 72-3074
Attorneys for Plaintiffs

| | |
|---|---|
| GEORGE KALTNER (individually); COMPLIANT DIALER, INC. d/b/a AVATAR OUTSOURCING; VOICELESS TECHNOLOGIES, INC.; SALES TECHNOLOGIES, INC. (defunct); and AVATAR TECHNOLOGIES, INC. (defunct), | UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK  Civil Case No. 7:16-cv-09337-KMK-LMS |
| Plaintiffs,  v.  DAVID STEWART (individually); DAVID TPO, LLC (a New York Limited Liability Company); AVATAR DIALLER, LTD. (a foreign for-profit entity); DIALER360, LTD. (a foreign for-profit entity); PRIMO DIALLER, LTD. (a foreign for-profit entity); DAVID STEWART (in his official capacity as an agent of Avatar Dialler, Ltd. and Dailer360, Ltd.); DAVID STEWART (in his official capacity as the managing or controlling member of David TPO, LLC); AVATARDIALLER.COM (an internet domain name); THEODORE NEHLS; BENJAMIN TAL; AGRIEN TAL; RAUDY ULLOA; JASON GENTRY; JEFFREY TORRES; YOLAYDY ESPINOL; PETER VAZQUEZ; ROBERT PUGLIESE; INTELECALL, INC.; CALLVATION, INC.; JOHN DOES 1-80 (fictitious name to represent owners, operators, employees, directors, managers and individuals with controlling interests in Avatar Dialler, Ltd., Dialer360, Ltd. and/or Primo Dialler, Ltd.); CORPORATIONS A-L (fictitious name to represent business entities with controlling interests in Avatar Dialler, Ltd., Dialer360, Ltd. and/or Primo Dialler, Ltd, | AFFIDAVIT OF COUNSEL IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT |
| Defendants. | |

-1-

JOSHUA M. LURIE, ESQ., of full age and under the penalty of perjury does affirm and state:

1. I am an Attorney-at-Law, duly licensed to practice and appear before the United States District Court for the Southern District of New York, a partner at Lurie|Strupinsky, LLP, counsel for the Plaintiffs in the within matter.

2. I provide the within affidavit in support of Plaintiff's application to enter default against the following Defendants:

    a. David TPO, LLC;

    b. Avatar Dialler, Ltd.

    c. Dialer360, Ltd

    d. Primo Dialler, Ltd.

    e. David Stewart in his official capacity as the managing member of David TPO, LLC

    f. Avatardialler.com;

    g. Theodore Nehls;

    h. Jason Gentry;

    i. Jeffrey Torres;

    j. Yolady Espinol;

    k. Robert Pugliese;

    l. Intellecall, Inc.; and

    m. Callvation, Inc.

3. I have personal knowledge of the facts herein.

4. This action was commenced, and this Court has jurisdiction, pursuant to 28 U.S.C. § 1331 as the allegations include violations for trademark counterfeiting, trademark infringement,

-3-

trademark dilution, and cybersquatting brought pursuant to Sections 32, 43(a), 43(c), 43(d) and 44 of the *Lanham Act*, 15 U.S.C. §§ 1114, 1125(a), (c), and (d); Violations of the *Computer Fraud and Abuse Act*, 18 U.S.C. 1030(g); Violations of the *Defend Trade Secrets Act*, 18 U.S.C. 1836, *et seq.*; and Civil Violations of the *Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. §§ 1961, *et seq.*.

5. The time for all defendants identified in Paragraph 2 to answer or otherwise move as to the complaint expired no later than October 14, 2019.

6. Notwithstanding, none of these defendants has answered or otherwise move as to the Complaint, and the time to do so has not been extended by request, stipulation or application to the Court.

7. None of the Defendants are natural persons are an infant or incompetent and none presently in the military service of the United States as appears from facts in this litigation.

8. Defendants are indebted to Plaintiffs as follows and as based upon the allegations as set forth in the Second Amended Complaint of June 25, 2019:

    a. As to Defendants Avatar Dialler ("AD"), Dialer360 ("D360") Primo Dialler ("Primo"), Avatardialler.com ("AD.com"), Callvation and Intellecall:

        i. Counterfeiting Plaintiffs' trademark – AVATAR – willfully by using it for their own purposes in advertisements after knowing, due to the past relationship, that it is solely owned trademark of Plaintiffs;

        ii. Infringing upon Plaintiffs' trademark – AVATAR – willfully by using it for their own purposes in advertisements after knowing, due to the past relationship, that it is solely owned trademark of Plaintiffs;

    iii. Federal Trade Dress Infringement and False Designation of Origin of the use of AVATAR, willfully, by using the trademark for their own purposes and having knowledge of its ownership due to the past relationship of these parties;

    iv. Federal Trademark Dilution of the AVATAR trademark by using it for their own purposes and having knowledge of the trademark due to the prior relationship of the parties;

    v. Violating NY State Trademark Dilution under the same grounds;

    vi. Acting deceptively under NY Law by falsely advertising services as though they were Avatar and had the right to use Plaintiffs'' unilateral right to their trademark – AVATAR;

    vii. NY State Trademark Infringement under the same grounds as the Federal offense; and

    viii. Seeking an award of Two Million Dollars ($2,000,000.00) as statutory damages plus actual damages, along with interest plus counsel fees and costs of suit for such conduct.

b. As to AD.com, violating the AntiCybersquatting Consumer Protection Act and requiring the transference of the domain to Plaintiffs;

c. As to David TPO, LLC (DTPO):

    i. Professional Negligence due to its services as the controller/bookkeeper for Plaintiffs causing damages of at least $280,000.00;

    ii. Committing Fraud against Plaintiffs by misrepresenting its qualifications causes damages of at least $280,000.00;

    iii. Conversion by transferring Plaintiffs' funds to itself without authorization in excess of $15,000.00; and

    iv. By breaching the contract between the parties by both soliciting employees of Plaintiffs and publishing confidential business records of Plaintiffs and thereby entitling Plaintiffs to injunctive relief.

d. Against all Defendants identified herein by:

    i. Working in conjunction with one another to access Plaintiffs' computer systems to copy and otherwise obtain copies of Plaintiffs' documents and files, after Plaintiffs removed the right to access, and used that information for their own purposes, including tortiously interfering in contracts and otherwise harming business relationships, causing at least $1,000,000.00 in damages;

    ii. As for the same steps above, working in conjunction to steal Plaintiffs' client lists and other confidential information and trade secrets to be used for these Defendants' own purposes and causing damages of at least $1,000,000.00;

    iii. Misappropriation of Plaintiffs' trade secrets by, after stealing such trade secrets, using them for their own purposes and causing damages of at least $1,000,000.00; and

    iv. Conspiring amongst themselves, since at least 2014, for the purpose to stealing Plaintiffs' trade secrets and misappropriating them as an enterprise, thereby violating the civil provisions of RICO, and causing damages in excess of $1,000,000.00 which, when trebled, must award $3,000,000.00.

-6-

9.      The amount sought by Plaintiffs, as set forth above, is at least $5,280,000.00 plus counsel fees and costs of suit, along with interest, is based upon the compensatory damages proximately caused by the Defendants' conduct as well as statutory fees, penalties, and other harms as identified therein..

10.     WHEREFORE, Plaintiffs request that the default of all 13 Defendants identified above be noted and a certificate of default issued.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to Plaintiff, and that no part thereof has been paid.

Dated: November 1, 2019
Hackensack, New Jersey

Respectfully submitted,

_/s/ Joshua M. Lurie____
Joshua M. Lurie, Esq. (JL0788)
Lurie|Strupinsky, LLP